IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OLIVER EDWARDS, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| DARLENE DREW, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-2541-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Oliver Edwards, confined in the United States Penitentiary in Atlanta, Georgia, where he is serving his federal sentences for felon firearm possession and drug crimes, has filed a 28 U.S.C. § 2254 petition in which he challenges the constitutionality of his 1994 Fulton County controlled-substance conviction. (Doc. 8); see also United States v. Edwards, 1:05-cr-0097-WSD-1 (N.D. Ga. Apr. 14, 2008) (hereinafter "Edwards"). The matter is before the Court on the petition, as amended, (Doc. 8), Respondent's answer-response, (Doc. 9), and Petitioner's reply, (Doc. 10).

**I.    Discussion**

On June 22, 1994, the Fulton County Superior Court imposed a fifteen year sentence on Petitioner based on his controlled-substances conviction, criminal action

number Z-55460. (Resp't Ex. A).[1]  In January 1997, the Georgia Court of Appeals affirmed Petitioner's conviction. Edwards v. State, 224 Ga. App. 332, 480 S.E.2d 246 (1997).

In 2007, in this Court, Petitioner was found guilty of possession of a firearm by a convicted felon based on three prior convictions for a violent felony or serious drug offense, including his Fulton County controlled-substances conviction, criminal action Z-55460. Second Superseding Indictment at 1 and Jury Verdict, Edwards, ECF Nos. 62, 124.

In 2008, Petitioner challenged in the Fulton County Superior Court his conviction in Z-55460 via a state habeas corpus petition, action number HC00665. (See Resp't Ex. H).  Relief was denied, and the state habeas proceedings were finally resolved on January 7, 2013, when the Georgia Supreme Court denied further review. (See Resp't Exs. H, N, O).

---

[1]Respondent's exhibits are located at docket entry four.

On July 17, 2013, Petitioner filed his federal habeas corpus petition, (Doc. 1),[2] which he later amended, (Doc. 8). Respondent responds that the petition is untimely. (Doc. 9 at 3-4). Petitioner replies that his state habeas corpus petition was timely under state law and appears to suggest that the federal limitations period did not begin to run before he filed his state petition. (Doc. 10 at 2).

Notwithstanding timeliness issues, the Court is without jurisdiction over the instant petition. Under § 2254(a), a federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. As a matter of federal court jurisdiction, the petitioner must be "in custody pursuant to the judgment of a State court" at the time he files his petition. Diaz v. State of Fla. Fourth Judicial Circuit ex rel. Duval Cnty., 683 F.3d 1261, 1263 (11th Cir. 2012) (quoting Unger v. Moore, 258 F.3d 1260, 1263 (11th Cir. 2001)) (internal quotation marks omitted). A federal prisoner whose state sentence has expired is no longer in custody pursuant to his state conviction, and he cannot use § 2254 to challenge the state conviction. Id. at 1265.

---

[2] Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

"If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right . . . , then that defendant is without recourse." Daniels v. United States, 532 U.S. 374, 382 (2001). Further, "[t]he presumption of validity that attached to the prior [state] conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255[,]" though he may, in limited or rare circumstances, challenge his federal sentence as enhanced by a prior state conviction.[3] Id. at 382-84 ("[T]he defendant is not entitled to another bite at the apple simply because that conviction is later used to enhance another sentence.").

Petitioner received a fifteen year term of imprisonment for his 1994 Fulton County controlled-substances conviction. It is apparent that the fifteen-year term had expired before Petitioner filed his federal petition in 2013. Accordingly, this Court lacks subject matter jurisdiction to consider this case.

---

[3]Because Petitioner already has brought a § 2255 motion challenging his conviction in Edwards, the Court does not construe this action as a § 2255 motion that seeks to challenge his enhanced federal sentence. Mot. to Vacate, Edwards, ECF No. 169.

4

### III. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

5

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA be denied because it is not debatable that the Court lacks subject matter jurisdiction.  If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

**IT IS RECOMMENDED** that this action be **DISMISSED** for lack of jurisdiction and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 15th day of January, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE