IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OLIVER EDWARDS,

          Petitioner,

v.                                            1:13-cv-2541-WSD

DARLENE DREW,

          Respondent.

# OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Janet F. King's Final Report and Recommendation [11] ("R&R").

## I.    BACKGROUND[1]

On August 2, 2013, Petitioner Oliver Edwards ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus [1] ("Petition") under 28 U.S.C. § 2254. Although Petitioner is in federal custody on a 2007 conviction in this Court, the Petition seeks to challenge the constitutionality Petitioner's conviction,

---

[1] The facts are taken from the R&R and the record. The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

in 1994, in state court, of state drug charges and subsequent 15-year state prison sentence.

On January 15, 2014, after reviewing the Petition, Magistrate Judge King issued her R&R.  Judge King found that Petitioner is not in custody pursuant to his state conviction and that the Court thus lacks jurisdiction to grant a writ of habeas corpus based on the state conviction.  Accordingly, Judge King recommends that the Petition be dismissed for lack of jurisdiction.  Judge King further recommends that Petitioner be denied a certificate of appealability under Rule 11 of the Rules Governing § 2254 Cases.

Petitioner has not filed objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation,

a court conducts only a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    <u>Analysis</u>

        1.    *Jurisdiction Over Petition*

Petitioner does not object to Judge King's conclusion that the Court lacks jurisdiction over the Petition.  The Court does not find error in this conclusion.  <u>See, e.g.</u>, <u>Diaz v. State of Florida Fourth Judicial Circuit ex rel. Duval County</u>, 683 F.3d 1261, 1265 (11th Cir. 2012) (holding that a federal inmate, whose "state sentence is fully expired," is "not 'in custody pursuant to the judgment of a State court' within the meaning of 28 U.S.C. § 2254(a)" and that a federal district court thus lacks jurisdiction to grant habeas relief on the state conviction).  Accordingly, the Court concludes that the Petition is required to be dismissed for lack of jurisdiction.

        2.    *Certificate of Appealability*

A district court "must issue or deny a Certificate of Appealability when it enters a final order adverse to the appellant."  <u>See</u> R. Governing § 2254 Cases 11(a).  For a certificate to issue, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  The Court

agrees with Judge King that Petitioner has not demonstrated that a reasonable jurist could debate whether the Court has jurisdiction over this matter. Thus, the certificate of appealability is denied.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Janet F. King's Final Report and Recommendation [11] is **ADOPTED**. Petitioner's claim for release is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that a certificate of appealability, under Rule 11(a) of the Rules Governing Section 2254 Cases, is **DENIED**.

**SO ORDERED** this 3rd day of April, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE